Nash, C. J.
 

 We do not concur with his Honor in his view of
 
 *541
 
 the law governing this case. The action is upon a constable’s bond. The defendant Barnett was elected a constable for the year 1844 ; his official bond, to which the defendant Taylor is a party, as surety, is dated the 81st January, 1844, and his office expired in a year from that time, to wit, at the January Term of the County Court, in 1845. The office of constablé is an annual one. When the bond was put into the hands of Barnet for collection does not distinctly appear, but it must have been after the 31st of January, 1844; and, on the 7th of March following, the warrant issued, and judgment was rendered the 9th of March, two days thereafter, and, on'the 23d of April, a
 
 jft. fa.
 
 issued. During the defendant’s official year of 1844, Deal was entirely insolvent. Several breaches were assigned—
 

 1st. For failing to use due diligence in collecting the note;
 

 2d. For collecting and failing to pay over, on demand; and
 

 3d. Failing to discharge his duty as constable faithfully.
 

 For the first breach assigned, the plaintiff is not entitled to recover anything. During the whole of the year 1844, and up to 1848, Deal, the defendant in the Justice’s judgment, was insolvent. A constable is guilty of no negligence in not taking out a
 
 capias ad satisfaciendum
 
 against an insolvent debtor. Gov. v. Carraway, 3d Dev. 438, “for where is the use of an execution at the expense of his principal,” unless the latter specially desires it. State v. Holcombe, 2d Ired. 211. Under the act of 1818, (Rev. St. ch. 24, s. 7,) constables are made collecting agents, and as to them the rule of diligence required, is, that degree of vigilance, attention, and care which a prudent person, conversant with business of that description, would ordinarily use. Such men do not, ordinarily, sue out process, or run themselves to the expense of bringing suits, obtaining judgment and issuing execution against paupers. Mathews v. Smith, 2 Dev. and Bat. 287; McKinder v. Littlejohn, 1 Ire. 66; Morgan v. Horne, Bus. 25. The insolvency of Deal removes from the constable the charge of negligence, and is an answer to the first and third breaches assigned. As to the second breach,
 
 *542
 
 there is no pretence that tbe constable ever actually received the money due from Deal. But the plaintiff relied upon the receipt given by Barnett to the debtor Deal, it being in full of the judgment. Upon this point his Honor instructed the jury, that if Barnett, after obtaining the judgment, gave Deal his receipt for the amount thereof, he, Barnett, would be liable to Warlick for the full amount of the judgment, “on his official bond, and that he, Barnett, could not be heard to impeach said receipt,” because of the alleged gambling consideration; for he had by his own act, as agent of the plaintiff Warlick, acknowledged the payment of the debt of Deal. In this there is error. The receipt was certainly evidence against the defendant, but it was not conclusive evidence. The person giving it may show he never did receive the money. This is the rule of evidence as to receipts not under seal. 3 Stark 1045; Coke Lit. by Harg. and But. 373, in note; Latour and Bland, 2 Stark, cases 386. A mere receipt, not under seal, cannot operate as an estoppel, but is mere evidence of the fact, to be left to the jury, and subject to be rebutted by other circumstances .of the case. Benson v. Bennett, 1 Camp. 394; Bristow v. Estman, 1st Esp. ca. 172. The receipt in this case was not .conclusive against the constable, and he could be heard to prove, . that in fact he had received no money — was at liberty to show .why, and for what he had given it. It was won from him by Deal in gambling; the latter acquired no property in it, and ' Barnett, having returned it to the plaintiff, the defendant in it is still liable to the plaintiff under it. The act of the General Assembly makes void every contract to pay, deliver or secure money or other thing won at gaming. Rev. Stat. ch. 51. The constable had no power to transfer the judgment to Deal: the latter acquired no right to it by having won it at gambling, or by virtue of the receipt
 
 1
 

 Judgment reversed and a
 
 venire de novo.